**The PEOPLE of the State of Colorado,**
**Petitioner–Appellee,**

**In the Interest of M.H., a Child, and**
**Concerning S.H., Respondent–**
**Appellant.**

No. 99CA2153.

Colorado Court of Appeals,
Div. V.

Aug. 3, 2000.

Certiorari Denied Oct. 10, 2000.

Bruce T. Barker, County Attorney, Linda L. Goff, Assistant County Attorney, Greeley, Colorado, for Petitioner–Appellee.

Law Office of Roland A. Soler, Roland A. Soler, Denver, Colorado, for Respondent–Appellant.

Opinion by Judge CASEBOLT.

S.H. (mother) appeals the judgment terminating the parent-child legal relationship with her child, M.H. We affirm.

Mother contends that, in determining that she was unfit and that her condition was unlikely to change within a reasonable time, the trial court improperly relied on the length of her incarceration and on the length of the child's foster care placement. We disagree.

■ To terminate the parent-child legal relationship under 19–3–604(1)(c), C.R.S. 1999, clear and convincing evidence must establish, among other things, that the parent is unfit. *People in Interest of A.M.D.*, 648 P.2d 625 (Colo.1982).

■ An unfit parent is one whose conduct or condition renders him or her unable to give a child reasonable parental care. The reasonable parental care standard requires, at a minimum, that the parent provide nurturing and protection adequate to meet the child's physical, emotional, and mental health needs. Section 19–3–604(2), C.R.S.1999; *People in Interest of L.D.*, 671 P.2d 940 (Colo.1983).

In determining whether a parent is unfit, the court "shall consider" a number of factors. Section 19–3–604(2). These include a parent's long-term incarceration if, as pertinent here, the parent is not eligible for parole for at least thirty-six months after the date the child was adjudicated dependent or neglected. Section 19–3–604(1)(b)(III), C.R.S.1999.

■ Here, mother was incarcerated but was eligible for parole in fewer than thirty-six months following the child's adjudication. However, contrary to mother's contention, we do not read § 19–3–604(2) and § 19–4–603(1)(b)(III) as prohibiting the court from considering the length of incarceration if parole may follow in less than thirty-six months. Instead, the clear meaning of those provisions is that, while the court is *required* to consider the incarceration if a parent must wait longer than thirty-six months before becoming eligible for parole, it is not precluded from considering the effect of a lesser period of incarceration. *See* § 19–3–604(2) (in making such determinations, the court shall consider, *but shall not be limited to,* the factors enumerated). Even an incarceration for fewer than thirty-six months may bear on the issue of whether a parent can become fit within a reasonable time.

Accordingly, the trial court did not err in considering the length of mother's incarceration.

■ Another factor that the court "shall consider" under § 19–3–604(2) is that the child has been in foster care under the responsibility of the county department for fifteen of the most recent twenty-two months. Section 19–3–604(2)(k), C.R.S.1999. However, if the child has been in such care "due to circumstances beyond the control of the parent such as incarceration of the parent for a reasonable period of time," § 19–3–604(2)(k)(IV), C.R.S.1999, the court is not required to consider that circumstance. Again, however, we do not read those statutory provisions to prevent the court from considering, in its discretion, the time the child has been in foster care as a factor

bearing upon the larger issue of whether termination is in the best interests of the child. *See* § 19–3–604(3), C.R.S.1999.

Here, in determining that mother was unfit, the trial court considered the length of her incarceration and the length of time the child had been in foster care. As noted above, such consideration was within its statutory discretion.

▇ In addition, the court found mother unfit because of her excessive use of alcohol or controlled substances, general neglect of the child, a history of emotional illness, and because reasonable efforts by child-caring agencies had been unable to rehabilitate mother. All of these are factors a court must consider and were, therefore, appropriate reasons for determining that mother was unfit. Sections 19–3–604(2)(a), (e), (f), (h), C.R.S.1999.

The judgment is affirmed.

Judge RULAND and Judge VOGT concur.